IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SATOSHI NAKAMOTO, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNITED STATES, *et al.*,<br><br>　　　　　Defendants. | CIVIL ACTION NO.<br><br>1:21-cv-05173-SDG |

**ORDER**

This matter is before the Court on *pro se* plaintiff Satoshi Nakamoto's ("Nakamoto") affidavit and application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a).  [Doc. 1].[1]  After consideration by the Court of the affidavit of indigency only, Nakamoto's request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a), and she shall be allowed to proceed with this action without prepayment of filing fees, docket costs, or United States Marshals Service fees.[2]  However, it is further **ORDERED** that service of process

---

[1] The document and page numbers listed in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

[2] Ronn Fenn ("Fenn") and Robert Meyring ("Meyring") are listed as plaintiffs in this action, see [Doc. 1-1 at 1, 6], and Meyring is also listed on Nakamoto's application to proceed *in forma pauperis*, [Doc. 1 at 1].  However, only Nakamoto has filled out and signed the application to proceed *in forma pauperis*.  See [Doc. 1].

shall not issue at the present time, and the Clerk shall submit this file to the assigned District Judge for a frivolity determination under 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED**, this 3rd day of January, 2022.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

"The right to appear *pro se*, however, is limited to those parties conducting their own cases and does not apply to persons representing the interests of others." Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012) (per curiam) (unpublished) (citations and internal marks omitted); see also Meier v. Deutsche Bank Tr. Co. Ams., No. 2:09-cv-169-FtM-29SPC, 2012 WL 1288764, at *1 (M.D. Fla. Apr. 16, 2012) (citation omitted). Thus, regardless of whether Nakamoto intended to include only Meyring or both Meyring and Fenn on her *in forma pauperis* application, "if multiple parties seek to proceed [*in forma pauperis*], each party must qualify for [such] status." Coleman v. Sprint Nextel, CIVIL ACTION FILE NO. 1:19-cv-0953-WMR, 2019 WL 2291884, at *1 (N.D. Ga. Mar. 4, 2019) (citations omitted); see also Wells Fargo Bank, N.A. v. Miller, CIVIL ACTION NO. 1:13-cv-03540-TCB-RGV, 2013 WL 12383153, at *2 n.1 (N.D. Ga. Nov. 8, 2013) (citation omitted) ("To the extent all of the [parties] seek to proceed in this Court *in forma pauperis*, they all must complete and sign an application, fully explaining their potential assets and including income and expense information for all parties."), adopted by 2013 WL 12383154, at *2 (N.D. Ga. Dec. 2, 2013). Meyring and Fenn "did not provide the Court with [their own] application[s] and affidavit[s] for leave to proceed *in forma pauperis* or [] sign the application and affidavit presently before the Court, thereby declaring under penalty of perjury that the information contained in the [current] application is true and complete," IH4 Prop. Ga., LP v. Moreland, CIVIL ACTION FILE NO. 1:15-cv-01663-RWS-AJB, 2015 WL 13777027, at *2 (N.D. Ga. May 15, 2015), adopted by 2015 WL 13777396, at *1 (N.D. Ga. June 15, 2015) and thus, the request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED** solely as to Nakamoto, see Moreland, 2015 WL 13777027, at *2.